José Martínez Llonín et al., Plaintiffs and Appellees, v. Bernardo Fernández Porrero, Defendant and Appellant.

No. 5369. Argued June 15, 1933.—Decided September 29, 1934.

E. B. Wilcox for appellant. J. Martínez Llonín in his own behalf.

Mr. Justice Aldrey delivered the opinion of the Court.

The defendant took this appeal from a judgment declaring that the property he acquired during his marriage is community property belonging to the conjugal partnership.

Rosalía Martínez Llonín having passed away, José Martínez Llonín as her only testamentary heir, and Francisco Marchán Sicardó as testamentary executor, brought this suit against Bernardo Fernández Porrero alleging that the defendand and Rosalía Martínez Llonín were married by the catholic church in the town of Peñamellas of the province of Oviedo in Spain, on November 23, 1880, and that the spouses lived there together until the husband came to Puerto Rico in the year 1887, the wife remaining in Spain, the spouses not having acquired any property during this time, nor having brought separate property to their marriage; that in 1905 the wife came to this island and went to the house of her husband in Río Piedras, where both of them lived until she died in 1927, that is, during twenty-two years; that the defendant acquired property in Puerto Rico for valuable consideration, in which he refuses to acknowledge any share to his wife's heir on the ground that the same is not community property, but his own separate estate.

The defendant admitted in his answer to the complaint that all those facts are true, but alleged that his wife refused to come with him to this island without justified reasons for her refusal, on which she insisted afterwards notwithstanding the letters he wrote her to make her come to him; that she arrived at this island in 1905 without giving notice to her husband, and lodged in the house of her brother, the plaintiff, in Río Piedras, from where she moved to that of the defendant, without a reconciliation having taken place between them, and where she remained because of the defendant's wish to avoid a public scandal and a personal quarrel with her brother, the plaintiff herein; that during all the years her wife remained in the defendant's house in Río Piedras, she lived as if she were a guest and refused to have sexual intercourse with the defendant; that while it is true that she was a party, together with the defendant, to a certain public document for the sale of a property, this was due to the demand of the purchasers, and that he had to pay

his wife money therefor; and that for these facts, the property he has acquired in this island in his own separate estate, in which no share whatsoever belongs to his wife nor to her heir.

The plaintiffs filed a demurrer to that answer, on the ground that the same does not state facts sufficient to constitute a defense or counterclaim. The lower court sustained that demurrer and, the defendant not having filed another answer, at plaintiff's request, rendered a judgment on the pleadings.

The appellant does not deny on this appeal that when he married a partnership was created by law between the spouses by provision of the law, whereby the husband and wife are to share equally, upon the dissolution of the marriage, the acquests or gains obtained by either of them indiscriminately during the same marriage.

In view of the foregoing, the only question which we have to decide is whether, on the assumption that they are true, the facts alleged in the answer, which refer to acts or words of the deceased wife, constitute a defense. In other words, whether for the reason that the spouses were separated for some time and of the wife's refusal to fulfill the conjugal duty during the twenty-two years she lived here in the house of her husband, she has lost her right to share the property acquired by the defendant or, as he puts it, whether her heir is precluded from obtaining half of the gains made during marriage, upon its dissolution by the death of the wife.

The law which created the conjugal partnership between husband and wife did not establish exceptions thereto, despite the fact that the legislator could not ignore that there are marriages in which the spouses live separately for many years and sometimes until the death of one of them puts an end to such partnership. Therefore, in the absence of any provision of the law regarding that matter of exceptions, we are prone to create them. That is a function of the legislative, not of the judicial power. Nor did the Supreme Court

of Louisiana create exceptions when, in deciding *Cole's Widow* v. *His Executors,* 18 Am. Dec. 241, it held that a woman who, having married in New York, did not follow her husband to Louisiana where he. earned money and acquired property, and from whom she was separated for many years, until his death, was entitled to share the con-jugal property. The appellant cites *Wheat* v. *Owens,* 65 Am. Dec. 164, a case from Texas wherein, a woman being involved who was separated from her husband for many years during which time she lived in open adultery, the court declared that independently of her adulterous life, her mere separation from her husband prevented her from claiming her share in the property which the husband acquired, al-though it does not make any legal citation in support of its conclusion. Between both decisions, it seems to us that the one of Louisiana complies better with the law because it does not establish by itself exceptions which the law has not established for the conjugal partnership. Besides, in the case at bar, the woman has lived, after a separation of the spouses for some time, in the house of her husband for twenty-two years, apparently as husband and wife. .

The judgment appealed from must be affirmed.